IN THE UNITED STATES DISTRICT COURT

CASE NO: 2:20-cv-00769 RAJ

SCOTT ICEBERG

Plaintiffs,

v.

VIRGINIA MASON HOSPITAL
d/b/a/ VIRGINIA MASON HOSPITAL, and
TIMOTHY ZISMAN, M.D.

Defendant.
_____/

**COMPLAINT**

COME NOW the Plaintiff, Scott Iceberg, against the Defendant, Virginia Mason and

**<u>Jurisdictional Information</u>**

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331,

1343, and 1367 for the Plaintiffs' claims arising under Title II of the Americans with Disabilities

Act of 1990, § 42 U.S.C. § 12131; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §

794, and supplemental jurisdiction on state law.  In this action, Plaintiffs suffered injuries and

now seek damages.

2.       SCOTT ICEBERG has been diagnosed with and suffers from Ulcerative Colitis,

C-PTSD, Generalized Anxiety Disorder, Panic Disorder, and Major Depressive Disorder, and is

therefore a qualified individual with a disability under the Rehabilitation Act, and the Americans

with Disabilities Act.

3.     Defendant, VIRGINIA MASON HOSPITAL is a recipient of federal financial

assistance, and is therefore subject to the requirements of Section 504 of the Rehabilitation Act, 29

U.S.C. § 794.

4.     Timothy Zisman, M.D., M.P.H. is a gastroenterologist who treated Plaintiff at the

University of Washington Medical Center, and is currently employed by Defendant Virginia Mason

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2)

because (a) the Defendants are in this judicial district, and (b) a substantial part of the events or omissions

giving rise to Plaintiff's claims occurred and are occurring within this judicial district.

6.     45 CFR §84.4   Discrimination prohibited.

(a) General. No qualified handicapped person shall, on the basis of handicap, be excluded
from participation in, be denied the benefits of, or otherwise be subjected to discrimination
under any program or activity which receives Federal financial assistance.

(b) Discriminatory actions prohibited. (1) A recipient, in providing any aid, benefit, or
service, may not, directly or through contractual, licensing, or other arrangements, on the
basis of handicap:

(i) Deny a qualified handicapped person the opportunity to participate in or benefit from
the aid, benefit, or service;

(vii) Otherwise limit a qualified handicapped person in the enjoyment of any right,
privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service.

7.     After Plaintiff requested an accommodation during an unprecedented viral pandemic from his

gastroenterologist, Mitra Barahimi M.D., at the University of Washington, the University of Washington

terminated him as a patient. Plaintiff scheduled an appointment for 5-14-20 with Elisa K. Boden M.D. via

telehealth to ensure he continued to receive the medical care he needs to maintain partial remission of

ulcerative colitis.

8.     Prior to his appointment with Defendant, Plaintiff attempted to contact the ADA/504

compliance person for Virginia Mason Hospital. Plaintiff was unable to locate any contact information for

an ADA/504 compliance person at Virginia Mason Hospital, and thus was unable to request any

accommodation/modification.

9.      Defendant does not employ an compliance person as required by 45 CFR §84.7 (a).

10.      Defendant has not adopted and published a grievance procedure as required by 45 CFR §84.7 (b).

11.      Defendant does not provide notice to the public as required by 45 CFR §84.8

12.      On 5-15-20, after his appointment was cancelled without reason, Plaintiff emailed VMMC.Patient_Relations_SEATTLE@virginiamason.org and requested the accommodation of assistance with transferring care from University of Washington to Virginia Mason. Plaintiff stated that he had a severe panic attack as a result of his appointment being cancelled without notice. Plaintiff received no response.

13.      Plaintiff contacted Virgina Mason by phone on 5-15-20 and was told that his appointment was cancelled by Dr. Zisman after speaking with Mikael the the University of Washington Digestive Health Center. Plaintiff had previously requested accommodations from Dr. Zisman while at the University of Washington which were denied without reason.

14.      In order to receive Medicare and Medicaid funding, Defendant Virginia Mason is required to develop policies and procedures which ensure compliance with the Rehabilitation Act, and it's implementing regulations.   Each and every time Defendant Virginia Mason recertifies for Medicare and Medicaid funding, it promises it will provide and adhere to such policies.

15.      The discrimination against Plaintiff was intentional and/or with deliberate indifference for the protected rights of Plaintiff.

16.       Plaintiff had previously informed Defendant Timothy Zisman of the requirement that he provide reasonable accommodations/modifications under the ADA, Rehabilitation Act, and WLAD. Dr. Zisman quit the University of Washington shortly after Plaintiff complained about his failure to provide reasonable accommodations, such as a chaperone for a endoscopy/colonoscopy procedure.

## COUNT I - REHABILITATION ACT AGAINST VIRGINIA MASON HOSPITAL

17.     Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 16 above.

18.     Plaintiff Scott Iceberg is mentally and physically disabled; accordingly, he is a qualified individual with a disability under the Rehabilitation Act.

19.     Defendant Virginia Mason is a recipient of federal financial assistance by virtue of receipt of Medicare and Medicaid payments, as well as other federal financial assistance, such as covid-19 federal financial assistance delivered under the CARE ACT.

20.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

21.     Defendant Virginia Mason and Defendant Timothy Zisman have discriminated against Plaintiff by denying him participation in the services Defendant offers; refusing to respond to his accommodation request; and failing to adhere to the implementing regulations promulgated under the Rehabilitation Act, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

22.     Defendant Virginia Mason and Defendant Timothy Zisman actions were intentional, with reckless disregard, and with deliberate indifference to the rights and needs of the Plaintiff herein.

23.     As a result of Defendants' actions, Plaintiff Scott Iceberg has been damaged and has suffered injuries and experienced emotional suffering, pain, and anguish.

WHEREFORE, Plaintiff Scott Iceberg requests that this Court enter judgement in his favor to declare that Defendants' action and inactions violate the Rehabilitation Act of 1973, and aware Plaintiff damages for his injuries, emotional suffering, pain and anguish and reasonable attorneys' fees and costs.

## COUNT II - OUTRAGE

24.     Plaintiff realleges and incorporates herein the allegations set forth in Paragraphs 1 through 23 above.

25.     Defendants' have a duty in law to response to accommodation requests, comply with the implementing regulations promulgated under the Rehabilitation Act, and not retaliate or interfere with Plaintiff receiving medical services in retaliation for Plaintiff having requested such services with reasonable accommodation.

26.     Defendants' have actual knowledge of the requirements to comply with the Rehabilitation Act, and Defendant Timothy Zisman has actual knowledge of how not receiving reasonable accommodations can aggravate Plaintiff's disabilities due to his tenure at the University of Washington Digestive Health Clinic.

27.     It is clearly foreseeable that physical and emotional harm would result in failing to respond to an accommodation request for assistance with scheduling an appointment necessary to receive continuing medical care to prevent a relapse of Plaintiff's Severe Ulcerative Colitis. In addition, it is clearly foreseeable that Defendant Timothy Zisman interfering with Plaintiff receiving care through Virginia Mason Hospital would cause physical and emotional harm.

28.     As a result of Defendants' breach of duty, Plaintiff has been unable to receive the medical care he needs to maintain partial remission of Ulcerative Colitis.

29.     As a result of Defendants' breach of duty, Plaintiff has suffered severe mental and physical distress and harm, including aggravation of his mental health disorders, and ulcerative colitis.

30.     Plaintiff has previously informed Defendant Timothy Zisman that his inability to receive the appropriate medical care necessary to treat his ulcerative colitis causes severe aggravation of Planintff's mental health disorders, including causing Plaintiff to experience suicidal ideation.


WHEREFORE, Plaintiff Scott Iceberg demands judgement against the Defendant's for compensatory damages, extreme emotional distress, damages for physical discomfort and inconvenience, mental suffering, humiliation, loss of enjoyment of life, punitive damages, interest, attorneys' fees, and such further relief as this Court deems just and equitable.

THE PLAINTIFF DEMANDS A JURY TRIAL FOR ALL ISSUES TRIABLE BY JURY.


**Respectfully Submitted:**


**5-21-20**

**S/ Scott Iceberg**
**4902 148th St Sw**
**Edmonds, WA 98026**
**425-480-9103**
**scotticeberg@yahoo.com**